Dear Mr. Woodruff:
Your request for an opinion of the Attorney General on behalf of Mr. Wayne Theriot, Alderman for the Village of Maurice, Louisiana, has been received by this office and assigned to me for disposition.
As indicated in your letter of request, Mr. Theriot is an elected official of the Village of Maurice serving as an Alderman. Mr. Theriot is also employed on a full-time basis with the University of Southwestern Louisiana as Director of Business Services. You therefore ask whether the holding of these two positions concurrently violates the Louisiana Dual Officeholding Law, LSA-R.S. 42:61 et seq.
According to LSA-R.S. 42:63D., the holding of an elective office in a political subdivision of this state while holding employment with the state government is prohibited. Thus, employment with the University of Southwestern Louisiana while holding the office of Alderman of the Village of Maurice violates the Dual Officeholding Law.
LSA-R.S. 42:66B. however, provides for exemptions from the prohibitions found in the Dual Officeholding Law. Specifically, LSA-R.S. 42:66B. provides:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Thus, if the exemption for employment in a professional educational capacity applies to Mr. Theriot's employment as the Director of Business Services, the prohibition found in LSA-R.S.42:63D. will not prohibit the concurrent holding of the two positions at issue.
The language "professional educational capacity" is not defined under the Dual Officeholding Law and the meaning of this provision is not clear from the statutory language itself. Thus, the legislative intent behind the enactment of this statute must be determined by going beyond this specific language by construing the language in the contest of the statute as a whole.Gautreau v. Board of Elec. Examiners of City of Baton Rouge,167 So.2d 425 (La.App. 1964). In addition, the statute must be construed so as to accomplish the purpose for which it was enacted and to give effect to legislative will. Respondent Co. v.Krauss Co., 9 So.2d 303, 200 La. 959 (La. 1942).
The exemption found in LSA-R.S. 42:66B. is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of LSA-R.S. 42:66B.
The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and related matters. These functions involve the University's finances and are crucial to its survival, however, they do not involve the educational process.
Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S. 42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
I hope that this has sufficiently addressed your questions. If you require any further information, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP:pb/2136o